UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

### CASE NO. 13-CV-24387-JLK

HECTOR ISAULA,

       Plaintiff,

v.

CHICAGO RESTAURANT GROUP, LLC
d/b/a UNIVERSITY RESTAURANT AND PATIO
a/k/a EL GRIEGO PR, LLC and MICHAEL
VASILAS.

       Defendants.

_____/

### FINAL DEFAULT JUDGMENT

**THIS CAUSE** comes before the Court upon Plaintiff HECTOR ISAULA's Motion for

Final Default Judgment Regarding Damages as to Counts I and III of the Complaint (the

"Motion") (DE 13), filed on May 13, 2014. Plaintiff filed his three-count Complaint (DE 1)

seeking damages for Defendants' alleged violations of the Fair Labor Standards Act ("FLSA")

on December 5, 2013. Defendants were served with the Complaint on December 14, 2013, but

failed to answer or otherwise defend against the Complaint's allegations within the prescribed

time to do so. Plaintiff obtained a Clerk's Default (DE 6) on January 17, 2014. Plaintiff

subsequently filed his Motion for Final Default Judgment (DE 7) on January 27, 2014, which the

Court granted in favor of Plaintiff as to liability only with respect to Counts I and III, and

dismissed Count II as insufficient. *See* DE 9. The instant Motion, which seeks an award of

damages for Counts I and III, as well as an award of attorney's fees and costs, followed. After

providing a brief background of the factual allegations of the Complaint, the Court will fix the

amount of damages to which Plaintiff is entitled, followed by an analysis of the award of attorney's fees and costs to which Plaintiff is entitled.

## I. ALLEGATIONS OF THE COMPLAINT ADMITTED BY DEFENDANT[1]

Defendant Chicago Restaurant Group ("CRG") is a restaurant and bar which grossed in excess of $500,000.00 per annum and was engaged in commerce or the production of goods for commerce. DE 1, ¶¶ 7-8.  Plaintiff began working for CRG as a busboy on October 24, 2012. *Id.*, ¶¶ 9-10. Plaintiff worked approximately fifty-five hours per week for the entire period of his employment. *Id.* Plaintiff was not paid any overtime. *Id.* Plaintiff was paid at the rate of $4.50 per hour for all hours worked, except for one week's work for which he was not paid at all. *Id.* CRG willfully and intentionally refused to pay Plaintiff wages as required by the FLSA. *Id.*, ¶ 13. Plaintiff was terminated on February 19, 2013 in retaliation for complaining about his unpaid wages on multiple occasions.[2] *Id.*, ¶¶ 22-23.

## II. PLAINTIFF'S DAMAGES

### A. Standard of Review

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment.

---

[1] By virtue of defaulting, Defendants have admitted to all well-plead allegations of the Complaint.

[2] The Complaint alleges that Plaintiff worked for Defendant from October 24, 2012 through May 15, 2013. However, based on the allegation at paragraph twenty-two of the Complaint, which states that Plaintiff was terminated on February 19, 2013 in retaliation for complaining about his unpaid wages to Defendant, Plaintiff's May 15, 2013 termination date appears to have been a scrivener's error. Indeed, Plaintiff's sworn affidavit in support of his entitlement to damages alleges, "on or about February 19, 2013, my manager, 'Apostoli,' an employee of [Defendant], fired me. I strongly believe [Defendant] fired me because of my continuous complaints about unpaid overtime . . . ." DE 13, Ex. A, ¶ 11. Accordingly, the Court will calculate Plaintiff's damages from his date of hire, October 24, 2012, through the date he was terminated in retaliation for complaining about his wages, February 19, 2013; this amounts to nine weeks and three days of work in 2012, and seven weeks and one day of work in 2013.

*Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.") Therefore, in considering a motion for default judgment, a court must examine the sufficiency of the allegations in the complaint to determine whether plaintiff is entitled to a default judgment.

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999). If a default judgment is warranted, the Court may hold a hearing for purposes of assessing damages. *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (citing Federal Rule of Civil Procedure 55(b)(2)). However, a hearing is not necessary if sufficient evidence is submitted to support the request for damages. *Id.*

The plaintiff has the burden of proving the amount of damages to be awarded. When the employer has violated its duty to keep adequate records, the employee satisfies this burden by producing "sufficient evidence to prove that he 'performed work for which he was improperly compensated' and 'sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.'" *McLaughlin v. Stineco, Inc.*, 697 F. Supp. 436, 450 (M.D. Fla. 1988) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)). If the employer does not come forward with evidence of the precise amount of work performed or other evidence to negate the plaintiff's *prima facie* case, the "court may award approximate damages based on the employee's evidence." *Id.*; *see also Etienne v. Inter-County Sec. Corp.*, 173 F.3d 1372, 1375 (11th Cir. 1999) ("[W]here the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes . . . an employee has carried out his burden if he

3

proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.").

## B.  Count I

Count I is Plaintiff's claim for unpaid regular, minimum, and overtime wages under the FLSA. Based on his Complaint and affidavit in support of his Motion for Final Default Judgment, Plaintiff seeks $4,080.88 in compensatory damages for his unpaid regular, minimum, and overtime wages, plus an equal amount in liquidated damages, for a total of $8,161.76. The Court finds that Plaintiff's calculation of his damages is in error, but finds that a hearing is unnecessary to determine the appropriate damages in this case. Plaintiff's sworn affidavit, attached to the Motion, is sufficient evidence to show the amount and extent of work for which Plaintiff was improperly compensated. DE 13, Ex. A.

Based on his affidavit, Plaintiff: began working for Defendant on October 24, 2012, (*Id.*, ¶ 6), received hourly wages and tips, (*Id.*, ¶ 4), was paid at the rate of $4.50 per hour, (*Id.*, ¶ 5), worked approximately fifty-five hours per week, but was never paid time-and-a-half for hours worked in excess of forty per week, (*Id.*, ¶ 7), received no pay at all for one week of work, (*Id.*, ¶ 8),[3] and was terminated on February 19, 2013 in retaliation for "continuously complain[ing] . . . about not getting paid overtime and about not getting paid for one week of work," (*Id.*, ¶¶ 10-11).

---

[3] Plaintiff's affidavit fails to indicate whether this week occurred in 2012 or 2013. In the absence of evidence to the contrary, the Court assumes this week occurred in 2012.

Accordingly, with respect to Count I, Plaintiff is entitled to the following damages for unpaid regular, minimum, and overtime wages:

1.  Unpaid regular wages in 2012:[4]     $186.00

2.  Minimum wage deficiency in 2012:[5]   $79.20

3.  Minimum wage deficiency in 2013:[6]   $106.92

4.  Overtime wage deficiency in 2012:[7]   $299.93

---

[4] By "Unpaid regular wages," the Court is referring to the one week of work in 2012 for which Plaintiff received no payment at all. See n.3 supra; see also DE 13, Ex. A, ¶ 8. In 2012, the Florida minimum wage for tipped employees was $4.65 per hour. Accordingly, for that week, Plaintiff is entitled to $4.65 per hour, multiplied by forty hours, which amounts to $186.00.

[5] In 2012, the Florida minimum wage for tipped employees was $4.65 per hour. Accordingly, Plaintiff is entitled to the difference between the minimum wage and the wage he actually received for all hours worked; this is calculated by taking the minimum wage deficiency per hour of $0.15 ($4.65 per hour, subtracted by $4.50 per hour = $0.15 minimum wage deficiency per hour), multiplying it by fifty-five hours per week, and then multiplying again by eight weeks (Plaintiff actually worked nine weeks and three days in 2012, but the Court has already accounted for the week of Plaintiff's work during 2012 for which he was paid nothing at all), plus an additional thirty-three hours multiplied by $0.15 per hour for his remaining three days of work in 2012, which amounts to $79.20.

[6] In 2013, the Florida minimum wage for tipped employees was $4.77 per hour. Accordingly, Plaintiff is entitled to the difference between the minimum wage and the wage he actually received for all hours worked; this is calculated by taking the minimum wage deficiency per hour of $0.27 ($4.77 per hour, subtracted by $4.50 per hour = $0.27 minimum wage deficiency per hour), multiplying it by fifty-five hours per week, and then multiplying again by seven weeks, plus an additional eleven hours multiplied by $0.27 for his remaining day of work in 2013, which amounts to $106.92.

[7] For all hours worked in excess of forty hours per week, Plaintiff is entitled to the difference between the applicable overtime wage rate and the applicable minimum wage for 2012; this is calculated by taking the unpaid overtime deficiency per hour of $2.325 ($4.65 per hour, multiplied by 1.5, subtracted by $4.65 per hour = $2.325 per hour overtime deficiency), multiplying it by fifteen hours per week, and then multiplying it again by eight weeks (Plaintiff actually worked nine weeks and three days in 2012, but the Court has already accounted for the week of Plaintiff's work during 2012 for which he was paid nothing at all), plus an additional nine hours multiplied by $2.325 for his remaining three days of work in 2012, which amounts to $299.93.

5.  Overtime wage deficiency in 2013:[8]    $257.58

TOTAL:    $929.63

As Defendant has admitted its violation of the FLSA was willful, Plaintiff is additionally

entitled to liquidated damages in an amount equal to the total above, which brings Plaintiff's

total damages for Count I to $1,859.26.

### C.  Count III

Count III is Plaintiff's claim for retaliatory termination under the FLSA. Based on his

Complaint and affidavit in support of his Motion for Final Default Judgment, Plaintiff seeks

$9,971.20 in back pay because he was unemployed for eight months following his termination,

plus an equal amount in liquidated damages, and $5,000 in damages for emotional distress

suffered as a result of his retaliatory termination, plus an equal amount in liquidated damages, for

a total of $29,942.40. The Court finds that Plaintiff's request for eight months of back pay is

excessive. Additionally, the Court finds that Plaintiff's request for $5,000 in emotional damages

is excessive based on the harm Plaintiff suffered. The Court will address each category of

damages in turn.

### 1.  Back Pay

With respect to his entitlement to back pay, Plaintiff testified only that, after being

terminated by Defendant, he "stayed unemployed for [eight] months" and that he "had no other

source of income." *Id.*, ¶ 15.  The Court finds that Plaintiff's requested back pay is excessive

---

[8] For all hours worked in excess of forty hours per week, Plaintiff is entitled to the difference between the applicable overtime wage rate and the applicable minimum wage for 2013; this is calculated by taking the unpaid overtime deficiency per hour of $2.385 ($4.77 per hour, multiplied by 1.5, subtracted by $4.77 per hour = $2.385 per hour overtime deficiency), multiplying it by fifteen hours per week, and then multiplying it again by seven weeks, plus an additional three hours multiplied by $2.385 for his remaining day of work in 2013, which amounts to $257.58.

given the circumstances of this case. Plaintiff was employed as a busboy at a restaurant, which is an unskilled position. Moreover, Plaintiff neither testified that he was looking for a job during this period, nor that he was unable to find a job during this period. The Court finds that Plaintiff should be awarded back pay for two months, which is a reasonable period of time to seek and obtain employment given the circumstances presented. Accordingly, Plaintiff is entitled to $2,492.80 in back pay,[9] and an equal amount in liquidated damages, for a total of $4,985.60.

### 2. Compensatory Damages for Emotional Distress

In Count III, Plaintiff requested damages for "emotional distress and humiliation, and pain and suffering," but provided no facts related to any such distress, humiliation, pain, or suffering. In his affidavit, Plaintiff testified, "I am also seeking mental damages because of all the pain and suffering I endured as a result of [Defendant] firing me from my job. I seek at least $5,000 in mental damages because due to the fact that I lost my job I became depressed and anxious and lost sleep worried that I need to get a job and that I should not have been fired [sic]." *Id.*, ¶ 17. Plaintiff also seeks an equal amount in liquidated damages.

The Court finds Plaintiff's requested damages are excessive. Given the circumstances of this case, and the emotional distress Plaintiff testified he suffered, the Court finds that $2,500 is an appropriate amount of compensatory damages for Plaintiff's emotional distress. 29 U.S.C. § 216(b) (employers "shall be liable for such legal or equitable relief *as may be appropriate* for the purposes of [the anti-retaliation provision of the FLSA]").[10]

---

[9] Calculated as $7.79 per hour (the Florida minimum wage for untipped employees in 2013), multiplied by forty hours per week, multiplied by eight weeks.

[10] With respect to compensatory damages for emotional distress, the Court is not mandated by the FLSA to award an equal amount in liquidated damages. *Compare* 29 U.S.C. § 216(b) ("Any employer who violates the provisions of [the minimum wage and overtime provisions of the FLSA] *shall be liable* to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, *and in an*

### III. Attorneys' Fees and Costs

Plaintiff seeks an award of $4,650.00 in attorneys' fees and $500.00 in costs.[11] DE 13, ¶ 4(b). In FLSA actions, successful Plaintiffs are entitled to an award of "a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Plaintiff bears the burden of establishing entitlement and documenting reasonable hours expended and reasonable hourly rates. *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar service by lawyers of reasonably comparable skills, experience and reputation. *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). With respect to the issue of hourly rates, the Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* at 1303. After determining the reasonableness of the hourly rate, the Court must next determine the reasonableness of the hours expended. *Id.* at 1301. Plaintiff's counsel must use "billing judgment" and exclude unnecessary hours, "irrespective of the skill, reputation, or experience of counsel." *Barnes*, 168 F.3d at 427. Bearing these principles in mind, the Court now addresses the attorneys' fees requested in this case.

### A. Reasonableness of Hours Expended

The Court has reviewed the billing time sheets submitted by Plaintiff and concludes that certain requested fees are improper or excessive, including fees for: clerical tasks, non-legal

---

*additional equal amount as liquidated damages.*") *with* 29 U.S.C. § 216 (b) ("Any employer who violates the provisions of [the anti-retaliation provision of the FLSA] *shall be liable for such legal or equitable relief as may be appropriate* to effectuate the purposes of [the anti-retaliation provision of the FLSA], including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages.") (emphasis added).

[11] The requested fees represent 15.5 hours of work at a rate of $300 per hour. *See* DE 13, Ex. A.

work, reviewing the CM/ECF e-mail for documents prepared and filed by Plaintiff's counsel,

repetitive entries, and work which was plainly copied-and-pasted from other similar actions. *See*

*id.*; *see also Peress v. Wand, M.D.*, 597 F. Supp. 2d 1320 (S.D. Fla. 2008)*. The Court will

address each category in turn.

### 1. Clerical Tasks, Non-Legal Work, and Reviewing CM/ECF E-Mail for Documents Prepared and Filed by Plaintiff's Counsel

The following time entries are for clerical tasks, non-legal work, or reviewing CM/ECF

e-mail for documents prepared and filed by Plaintiff's counsel, for which Plaintiff is not entitled

to an award of attorney's fees:

| Date | Hours | Description |
|------|-------|-------------|
| 8/22/2013 | 0.2 | Prepare letter requesting filing fees and server costs to client. |
| 10/09/2013 | 0.5 | Review Department of Corporations website regarding continuing status of corporate defendants, various entities under officer name as investigation of necessary parties identified in complaint. |
| 10/10/2013 | 0.2 | Prepare summons for defendant Chicago Restaurant Group. |
| 10/10/2013 | 0.2 | Prepare summons for Vasilas, individual. |
| 10/10/2013 | 0.1 | Prepare civil cover sheet. |
| 12/05/2013 | 0.5 | Research public records for individual defendant's address. |
| 12/05/2013 | 1.0 | Update summonses and civil cover sheet; file complaint. |
| 12/05/2013 | 0.1 | Send complaint and summons to process server. |
| 12/05/2013 | 0.1 | Review summons issued as to Chicago Restaurant Group, LLC. |
| 12/05/2013 | 0.1 | Review Judge assignment to Senior Judge James Lawrence King. |
| 12/05/2013 | 0.1 | Review e-mail from: Ilona Anderson, Subject: Activity in Case 1:13-cv-24387-XXXX Isaula v. Chicago Restaurant Group, LLC et al Complaint. |
| 12/05/2013 | 0.1 | Review COMPLAINT against All Defendants. Filing fees $ 400.00 receipt number 113C-6287770, filed by Hector Manuel isaula. (Attachments: # (1) Civil Cover Sheet, # (2) Summon(s), # (3) Summon. |

| 12/17/2013 | 0.2 | Review e-mail from: ALEX LOPEZ, Subject: Affidavits.[12] |
| 12/17/2013 | 0.1 | Review e-mail from: Lindsay & Lopez Process, Inc., Subject: RJA Status on (CHICAGO RESTAURANT GROUP, LLC D/B/A UNIVE). |
| 1/16/2014 | 0.1 | Review SUMMONS (Affidavit) Returned Executed on [1] Complaint with a 21 day response/answer filing deadline by Hector Manuel Isaula. Chicago Restaurant Group, LLC served on 12/14/2013, answer due on 1/6/2014; Vasilas Michael Served on 12/14/2013, answer due 1/6/2014. |

**TOTAL:**   **3.6**

Accordingly, Plaintiff's award of attorneys' fees will be reduced by 3.6 billable hours.

   **2. Repetitive or Excessive Entries**

The following entries are repetitive or excessive, and will be reduced as indicated:

| Date | Hours | Description | Reduction |
|---|---|---|---|
| 6/12/2013 | 0.6 | Prepare presuit letter 15 day notice; review client's file.[13] | 0.5 |
| 9/24/2013 | 0.3 | Prepare 5 day letter and notice to initiate litigation. | 0.3 |
| 1/16/2014 | 1.5 | Review Motion for clerks default.[14] | 1.4 |
| 1/23/2014 | 0.5 | Prepare affidavit of Plaintiff/Declaration in support of Motion for Final Default Judgment | n/a |
| 5/02/2014 | 0.5 | Prepare affidavit as to damages for execution by client.[15] | 0.4 |
| 5/09/2014 | 0.8 | Telephone Conference – Client – Status and reviewing and affidavit and motion to file with court. | 0.6 |
|  |  |  |  |

**TOTAL REDUCTION:**   **3.2**

----

[12] Alex Lopez is an employee at Lindsay & Lopez Process, Inc., the process server hired by Plaintiff.

[13] The FLSA does not require pre-suit notice letters.

[14] The Motion for Clerk's Default was plainly copied-and-pasted from a similar action, and, accordingly, it is completely unreasonable that counsel would bill 1.5 hours reviewing this page-and-a-half document that is little more than a template. *See* DE 14 in Quintana v. Quality Logistic Group, LLC, No. 13-CV-23791-KMM (S.D. Fla. 2013); *see also* n.16 *infra*.

[15] The "affidavit as to damages" is nearly identical to the affidavit filed in support of Plaintiff's original Motion for Default Judgment (DE 7), which is the subject of the preceding entry, and this entry is plainly excessive.

Accordingly, Plaintiff's award of attorneys' fees will be further reduced by 3.2 billable hours.

### 3. Work Which Was Copied-and-Pasted from a Similar Action

The following entries were plainly copied-and-pasted, in whole or in part, from another similar action.[16] Thus, the amount of hours requested is unreasonable and will be reduced as indicated:

| Date | Hours | Description | Reduction |
|------|-------|-------------|-----------|
| 10/09/2013 | 1.0 | Prepare draft complaint for unpaid overtime/wages (FLSA).[17] | 0.9 |
| 1/16/2014 | 0.7 | Prepare Motion for Entry of Clerk's Default.[18] | 0.6 |
| 1/23/2014 | 0.6 | Attorney Fee Affidavit in support of Motion for Final Default Judgment.[19] | 0.5 |
| | | **TOTAL REDUCTION:** | **2.0** |

Accordingly, Plaintiff's award of attorneys' fees will be further reduced by 2.0 billable hours.

### B. Reasonableness of Requested Hourly Rates

The Court must determine whether the hourly rate requested by Plaintiff's counsel, $300 per hour, is reasonable. "A reasonable hourly rate is the prevailing rate in the relevant legal community for similar service by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.3d at 1299.

---

[16] *See* Docket Entries 1, 14, and 20 in Quintana v. Quality Logistic Group, LLC; *see also* n.14 *supra*.

[17] This portion of the Complaint (Count I) is nearly identical to Count I of the Complaint in Quintana v. Quality Logistic Group, and was plainly copied-and-pasted in whole or in part. *See* n.16 *supra*.

[18] This motion is identical to that which was filed in Quintana v. Quality Logistic Group, the only differences being the named parties, and was plainly copied and pasted. *See* n.16 *supra*.

[19] This affidavit is nearly identical to the affidavit in support of attorneys' fees filed in Quintana v. Quality Logistic Group, and was plainly copied-and-pasted in whole or in part. *See* n.16 *supra*.

Attached to the Motion is the affidavit of Plaintiff's counsel, Mr. Ruben Martin Saenz, which states that the focus of his practice for the past ten years has been employment law, that eighty-five percent of his work as an attorney is dedicated to FLSA litigation on behalf of plaintiffs, and that his regular hourly rate of $300.00 per hour is reasonable in light of the relevant legal marketplace. DE 13, Ex. A. Mr. Saenz's affidavit additionally states that he was assisted by Mr. Peter Andresky, Esq., and Ms. Ilona Anderson, Esq., in the prosecution of this matter, that their regular hourly rates are also $300.00 per hour, and that these rates are reasonable in light of the relevant legal marketplace and their respective experience. *Id.*

Based on its own experience with Plaintiff's counsels' poor billing judgment, failure to exclude unnecessary hours, excessive claims for time expended on work that was plainly copied-and-pasted from another action, and the concomitant "skill" which results in such practices, the Court finds that the requested hourly rates for all three of Plaintiff's attorneys are unreasonable. Accordingly, the Court concludes that $200 per hour is a reasonable rate for each of Plaintiff's counsel, and the fee award will be reduced accordingly.

## CONCLUSION

Accordingly, after careful consideration and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED**, and **DECREED** that:

1. Plaintiff's Plaintiff HECTOR ISAULA's Motion for Final Default Judgment Regarding Damages as to Counts I and III of the Complaint **(DE 13)** be, and the same is, hereby **GRANTED IN PART and DENIED IN PART.** Judgment is entered in favor of Plaintiff HECTOR ISAULA and against Defendant CHICAGO RESTAURANT GROUP, LLC.

2.  Plaintiff shall recover from Defendant the sum of $9,344.86, consisting of $929.63 in unpaid regular, minimum, and overtime wages, $2,492.80 in back pay, $2,500.00 in compensatory damages for emotional distress, and $3,422.43 in liquidated damages.

3.  Plaintiff's counsel, The Saenz Law Firm, P.A. and The Andresky Law Firm, P.A., shall recover from Defendant the sum of $1,840.00, consisting of $1,340.00 in attorneys' fees[20] and $500.00 in costs.

4.  This judgment shall bear interest as prescribed by 28 U.S.C. § 1961. For which sum let execution issue.

5.  The Clerk of Court shall **CLOSE** this case.

6.  All pending motions are **DENIED AS MOOT**.

**DONE** and **ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 11th day of July, 2014.

HONORABLE JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:   **Chief District Judge K. Michael Moore**
**Magistrate Judge Edwin G. Torres**
**Magistrate Judge Chris M. McAliley**
**Clerk of Court**
**All counsel of record**

---

[20] This amount represents 6.7 hours of work at a rate of $200.00 per hour.

13